IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIMERCO EXPRESS (U.S.A.) CORP.<br><br>Plaintiff,<br><br>v.<br><br>NATRON ENERGY, INC.<br>Serve: Officer or Director<br>3452 Bassett Street<br>Santa Clara, CA 95054<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. COMES NOW the plaintiff, Dimerco Express (U.S.A.) Corp. ("Plaintiff" or "Dimerco"), by its undersigned attorneys, and for its complaint against the defendant, Natron Energy, Inc. ("Natron") (collectively, the "Parties").

## **PARTIES**

2. Dimerco is a licensed Customs broker and ocean freight-forwarder and non-vessel operating common carrier ("NVOCC"), licensed by the Federal Maritime Commission. Dimerco is also a TSA Indirect Air Carrier ("IAC"). Dimerco provides a variety of transportation and customs broker services for entities shipping cargo internationally.

3. Dimerco is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 955 Dillon Dr., Wood Dale, Illinois 60191-1274.

4. Defendant Natron is a corporation organized under the laws of Delaware, with its principal place of business at 3542 Bassett Street, Santa Clara, CA 95054.

## JURISDICTION AND VENUE

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6. This Court has subject matter jurisdiction over the case under Title 28 U.S.C. § 1333.

7. The Court also has subject matter jurisdiction over the case under Title 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and the Defendant and the principal amount of the claim exceeds $75,000.

8. Personal jurisdiction and venue are proper in this Court because Dimerco's Terms and Conditions of Service (the "Service Terms") governing the Parties' relationship contains a mandatory forum selection clause, providing that jurisdiction over any claims arising under the bill of lading for shipments to or from the United States shall be brought in the United States District Court for the Northern District of Illinois.

9. As part of Natron's business relationship with Dimerco, Natron executed a Customs Power of Attorney, which similarly provides that Natron consents to Dimerco's Service Terms. Dimerco's Service Terms provide that the Parties' relationship shall be construed according to the laws of the State of Illinois and that Natron irrevocably consents to the jurisdiction of the United States District Court for the Northern District of Illinois. A copy of Dimerco's Service Terms is attached herewith as Exhibit A.

## FACTS

10. Natron is a customer of Dimerco for whom Dimerco has provided transportation services, including but not limited to freight-forwarding, Customs brokerage, NVOCC services, air carriage, warehousing, and inland transportation services (the "Transportation Services"). As

part of the transportation services that it provided, Dimerco has advanced money on Natron's behalf, including but not limited to ocean freight, air freight, and related charges.

11. Natron hired Dimerco to import or export eight (8) shipments of goods (the "Goods") to or from the United States.

12. The Goods at issue were transported in 2025.

13. All of the Goods were transported subject to Dimerco's Service Terms.

14. Dimerco issued numerous invoices to Natron for the transportation services provided, which confirmed that "Dimerco performs all services under the 'Terms & Conditions of Service.'".

15. Pursuant to the Service Terms, Natron was ultimately responsible for all costs, fees, and charges relating to the transportation services as well as any advances on the same made by Dimerco on Natron's behalf and compensation of Dimerco for its transportation services. Service Terms Cl. 2, 10-11, 19.

16. Under the Service Terms, Natron agreed to indemnify, defend, and hold Dimerco harmless from any liabilities arising from the importation or exportation of Natron's Goods. *Id.* Cl. 11.

17. Per the Service Terms, interest on unpaid invoices accrues at a rate of 18% per annum. *Id.* Cl. 13.

18. Dimerco is entitled to the costs of collection including attorneys' fees under the Service Terms for Natron's unpaid invoices. *Id.*

19. Pursuant to the Service Terms, Dimerco has a general lien on all property of Natron whether in Dimerco's actual or constructive possession, for all claims, including past due amounts,

for charges, expenses or advances that Dimerco incurred in connection with any of Natron's shipments. *Id.* Cl. 14.

20. Four (4) shipments of Natron's Goods traveled under Dimerco's Air Waybill.

21. For Goods which moved under Dimerco's air waybills, Natron was identified as the Consignee. As such Natron assumed responsibility for paying air freight and related charges.

22. Natron executed a Customs Power of Attorney designating Dimerco as its customs broker.

23. The Terms and Conditions accompanying that Customs Power of Attorney provide that in any dispute involving money owed to Dimerco, Dimerco shall be entitled to all costs of collection, including reasonable attorneys' fees and interest at 18% per annum, or the highest rate allowed by law, whichever is less. A copy of the Customs Power of Attorney is attached as Exhibit B.

24. As of August 15, 2025, Natron owes Dimerco the principal amount of $248,183.13 plus interest, which is accruing at a rate of 18% per annum. *See* Receivable Aging Report attached as Exhibit C.

25. Dimerco fully performed the transportation services under the contracts at issue.

26. Despite demand having been made, Natron has refused to pay freight and related costs for the Goods at issue.

### COUNT I: BREACH OF CONTRACT

27. Dimerco incorporates by reference paragraphs 1-26 above as if fully set forth herein.

28. Dimerco and Natron had a contractual agreement whereby Dimerco provided transportation services for Natron.

4

29. Dimerco provided transportation services to Natron and issued invoices to Natron based on the services Dimerco provided.

30. Dimerco has fully performed its contractually required services.

31. Despite demand having been made, Natron has refused to pay the freight, Customs, transportation and related charges for Dimerco's transportation services.

32. Natron is liable for the principal amount of $248,183.13, plus interest on this outstanding balance at a rate of 18% per annum and the costs of collection in including legal fees.

### COUNT II: QUANTUM MERUIT

33. Dimerco incorporates by reference paragraphs 1-26 above as if fully set forth herein.

34. Dimerco provided transportation services to Natron in good faith with the expectation that it would be compensated for providing those services.

35. Natron accepted the benefit of those services.

36. The reasonable value of the services that Dimerco performed for Natron was in the principal amount of $248,183.13.

### COUNT III: UNJUST ENRICHMENT

37. Dimerco incorporates by reference paragraphs 1-26 above as is fully set forth herein.

38. Natron was enriched by the transportation services that Dimerco provided.

39. The enrichment was at Dimerco's expense as Dimerco has provided the services without compensation and advanced costs on Natron's behalf for which it has not been reimbursed.

40. It would be against equity and good conscience to permit Natron to retain the value of the services without having to pay for them.

41. The reasonable value of the transportation services that Dimerco performed for Natron is in the principal amount of $248,183.13.

## COUNT IV: ACCOUNT STATED

42. Dimerco incorporates by reference paragraphs 1-26 above as if fully set forth herein.

43. Dimerco provided Natron with invoices for its transportation services.

44. Natron did not dispute the correctness or validity of the invoices.

45. Natron promised to pay Dimerco the amount set forth in those invoices but failed to do so.

WHEREFORE, Plaintiff Dimerco Express (U.S.A.) Corp. requests that this Court enter judgment in its favor against Natron Energy, Inc. as follows:

A. An award of damages against Defendant Natron in an amount of $248,183.13 plus interest;

B. An award of pre- and post-judgment interest;

C. An award of the costs of suit, including attorneys' fees; and

D. Such other and further relief as this Court may deem just and proper.

Date:   August 15, 2025

Respectfully submitted,

<u>*Matthew R. Carlyon*</u>
Matthew R. Carylon
Foran Glennon
222 N. LaSalle Street, Suite 1400
Chicago, Illinois 60601
Telephone: 312-863-5000
Facsimile:  312-863-5099
mcarlyon@fgppr.com

Brendan Collins (*pro hac vice* pending)
GKG LAW, P.C.
1055 Thomas Jefferson St., NW; Suite 620
Washington, DC 20007
Telephone: 202-342-6793
Facsimile:  202-342-5219

*Counsel for Plaintiff Dimerco Express (U.S.A.) Corp.*